UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

                                                        Civil Action No.: 22-2289

                           Plaintiff,

                   -against-

ARCH SPECIALTY INSURANCE COMPANY,

                           Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("Travelers"), as and for its Complaint for Declaratory Judgment against Defendant, ARCH SPECIALTY INSURANCE COMPANY ("Arch"), alleges upon information and belief as follows:

### Nature of the Action

1.  In this action, Travelers seeks a declaration that Arch is obligated to defend and to indemnify Mc Gowan Builders, Inc. ("Mc Gowan") in connection with an underlying action against such entity asserting claims for injuries allegedly sustained by Lewis Minchala (the "Claimant").

### Parties

2.  At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Arch was and is a Missouri corporation with a principal place of business in Jersey City, New Jersey, licensed to conduct business in New York.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201. Specifically, Travelers seeks defense and indemnity and reimbursement in connection with an underlying personal injury action, all of which is reasonably expected to exceed the jurisdictional limit.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Arch.

7. Travelers has no adequate remedy at law.

## Insurance Policies

8. Travelers issued a policy to Accurate Mechanical, Inc. ("Accurate"), policy number 680-5D413686-13-42, with effective dates of August 22, 2013 to August 22, 2014 (the "Travelers Policy").

9. Subject to the terms and conditions of the Travelers Policy, Mc Gowan qualifies as an additional insured under the Travelers Policy.

10. The Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. The Travelers Policy contains excess "other insurance" clauses that provide that

coverage under the Travelers Policy is excess over any other coverage available to Mc Gowan as an additional insured.

12. Defendant Arch issued to Gotham General Construction Inc. ("Gotham") Commercial General Liability Policy AGL0009594-00 in effect at all times relevant (the "Arch Policy").

13. The Arch Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. Upon information and belief, the Arch Policy provides coverage to Mc Gowan as an additional insured.

15. The Arch Policy contains the following endorsement:

**BLANKET ADDITIONAL INSURED ENDORSEMENT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SECTION II – WHO IS AN INSURED** is amended to include as an additional insured those persons or organizations who are required under a written contract with you to be named as an additional insured, but only with respect to liability for "bodily injury", "property damage", or "personal and advertising injury," caused, in whole or in part, by your acts or omissions or the acts of omissions of your subcontractors:
   **a.** In the performance of your ongoing operations or "your work", including "your work" that has been completed; or
   **b.** In connection with your premises owned by or rented to you.

**Background Facts**

16. On or about February 17, 2014, Gotham and Mc Gowan entered into an agreement for performance of certain work at 145 4th Avenue, New York, New York (the "Premises") (the "Subcontract").

17. The Subcontract requires that Gotham obtain the following insurance:

**16.1** Subcontractor and each of its subcontractors shall purchase and maintain the following types of insurance with the coverage's and limits specified, and shall keep same in full force and effect during the performance of the Work.

\* \* \*

**16.1.2** Comprehensive General Liability insurance, with limits, unless noted otherwise below, of at least One Million Dollars ($1,000,000) each occurrence in respect of bodily injury and property damage, subject to Two Million Dollars ($2,000,000) in the aggregate, per job, including coverage for all of the following.

\* \* \*

6. Subcontractors' General Liability policy shall be endorsed to include the Owner and/or the Contractor as Additional Insured and the additional insured coverage is on a primary basis …

\* \* \*

18. The Claimant was allegedly injured on March 12, 2014 while performing work in the course and scope of his employment with Accurate at the Premises.

19. The Claimant has asserted claims in a lawsuit against Mc Gowan and others in the Supreme Court of the State of New York for the County of Queens which was assigned Index No. 5488/2014 (the "Underlying Action"). A true and correct copy of the complaint is attached as Exhibit 1.

20. The Claimant has also asserted claims in a lawsuit against Gotham and others in the Supreme Court of the State of New York for the County of Queens which was assigned Index No. 703190/2017 (the "Gotham Action") and has been joined for certain purposes with the Underlying Action. A true and correct copy of the complaint in the Gotham Action is attached as Exhibit 2. The Underlying Action and the Gotham Action are collectively referred to herein as the "Consolidated Actions."

21. In the Consolidated Actions, the Claimant alleges, *inter alia*, that he was performing work upon the Premises and was in the scope of his employment when he was caused

to sustain injuries.

22. In the Consolidated Actions, the Claimant alleges that he was caused to sustain injuries when boards of sheetrock fell onto him.

23. Upon information and belief, pursuant to the Subcontract, Gotham's scope of work at the Premises included furnishing and installing sheetrock.

24. Travelers is defending Mc Gowan as an additional insured in the Underlying Action pursuant to the terms of the Travelers Policy.

25. In the Consolidated Actions, the Claimant seeks to recover for alleged injuries which were caused in whole or in part by Gotham's acts or omissions or the acts or omissions of those acting on Gotham's behalf.

### Tender to Arch

26. Mc Gowan qualifies as an additional insured under the Arch Policy.

27. Timely tenders of the Underlying Action have been made to Arch which demanded that Arch defend and indemnify Mc Gowan under the Arch Policy.

28. Arch has failed and refused to accept the defense and indemnification of Mc Gowan in connection with the Underlying Action.

29. Accordingly, Travelers seeks a declaration that Arch has an obligation to defend and indemnify Mc Gowan as an additional insured; that the coverage provided by the Arch Policy is primary; and that the obligations of Travelers to Mc Gowan in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Arch Policy.

30. In addition, Travelers seeks an award at law and in equity against Arch for recovery of all sums Travelers has incurred and continues to incur in the defense of Mc Gowan in the Underlying Action because the coverages provided by the Arch Policy are primary to any coverage

provided by Travelers.

## Claim for Declaratory Relief

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Arch Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Arch Policy have been complied with and met.

3. Declaring that the alleged incident and Underlying Action fall within the coverage afforded by the Arch Policy.

4. Declaring that Defendant Arch owes a duty to defend Mc Gowan in connection with the Underlying Action.

5. Declaring that Defendant Arch owes a duty to indemnify Mc Gowan in connection with the Underlying Action.

6. Declaring that Defendant Arch's coverage obligations to Mc Gowan in connection with the Underlying Action are primary.

7. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy are excess to those of Defendant Arch with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Arch with respect to Arch's duty to defend and to indemnify Mc Gowan in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Arch for all sums Travelers has paid in defending Mc Gowan as to the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated: Hartford, Connecticut
April 22, 2022

**RESPECTFULLY SUBMITTED:**

**REID & ASSOCIATES**

By: ___/s/Meg R. Reid_____
Meg R. Reid, Esq.
Attorneys for Plaintiff
The Travelers Indemnity Company of America
Main: 917.778.6680
Fax: 844.571.3789
Email: mrreid@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 7th Floor
New York, NY 10017